[S. F. No. 934.   Department One.—March 2, 1899.]

KENNEDY & SHAW LUMBER COMPANY, Respondent, v. S. S. CONSTRUCTION COMPANY et al., Defendants. BEHREND JOOST, Appellant.

FINDINGS — PLEADING — REFERENCE TO NUMBERED SUBDIVISIONS. — The findings, when signed and filed, are part of the record, and are to be construed in connection with the pleadings. A statement in the findings that all of the allegations in certain numbered subdivisions are true, without stating whether they are found in the complaint or the answer, is sufficiently certain, where such numbered subdivisions appear in the complaint, and none appear in the answer.

ID.—FAILURE TO FIND OWNERSHIP OF NOTE—PLEADING—CONCLUSION OF LAW—SURPLUSAGE.—The failure to find upon an issue as to the ownership of the note sued upon is immaterial, where the findings cover all the material issues. Where the complaint shows title to the note in the plaintiff, the additional allegation that "plaintiff is still the owner and holder of said promissory note," is a conclusion of law, and is surplusage.

GUARANTY OF NOTE—CONSIDERATION—DELIVERY.—A guaranty of a note made prior to its delivery, though written subsequently to its date, has the same consideration as the note. No obligation or liability is incurred by any party to a note until it is delivered

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   Charles W. Slack, Judge.

The facts are stated in the opinion.

M. H. Gilson, for Appellant.

William H. Jordan, for Respondent.

HAYNES, C.—Suit upon a promissory note made by the S. S. Construction Company to the plaintiff, and indorsed by the defendants, the San Francisco & San Mateo Railway Company and J. G. and I. N. Day, and which also bears words of guaranty signed by appellant Behrend Joost. Upon the trial, the action was dismissed as to all the defendants except Mr. Joost, and findings and judgment were against him, and he appeals from the judgment and an order denying a new trial.

The note here in suit was given in renewal of a prior note made by said construction company and indorsed by the railway company and J. G. and I. N. Day, but to which Mr. Joost was not a party either as maker, indorser, or guarantor; but upon said renewal note Mr. Joost wrote and signed a guaranty of the payment thereof, and, as appears from the statement on motion for a new trial, "the only contention at the trial was that the said guaranty was given by defendant Behrend Joost after the delivery of the note without a separate consideration from the note itself, or any consideration whatever"; and appellant contends that the findings do not support the judgment, or, if it should be held that they do, that they are not justified by the evidence.

The first finding is as follows: "That all the allegations contained in subdivisions I, III, IV, and VI are true"; and appellant contends that said finding is indefinite and insufficient to support the judgment; that, for all that appears, the subdivisions intended may be of defendant's answer.

The findings, when signed and filed, are part of the record (*Reynolds v. Harris*, 8 Cal. 618), as are also the pleadings and judgment. The findings always relate to matters contained in the pleadings, that is, they determine the material issues of fact raised by the pleadings, and as to matters of fact admitted by

the pleadings no finding is necessary, and as to such facts the pleadings, in effect, become part of the findings. It is clear, therefore, that the reference in said finding to "subdivisions" can only refer to a pleading, to which we must always look, not only to ascertain what facts are admitted, but to determine whether the findings are within the issues; and on looking at the pleadings we find the complaint contains "subdivisions" corresponding to those mentioned in said finding, while there are no subdivisions or paragraphs numbered in the answer. In *Swift v. Muybridge,* 8 Cal. 445, it was said: "The findings of fact by the court are like the special verdict of a jury. They must be taken in connection with the pleadings to support the judgment"; and in *Whitlock v. Manciet,* 10 Or. 166, it was held that "when the language of a finding is equivocal, the construction which accords with the pleadings and supports the judgment should be adopted." (See, also, *Barnes v. Sabron,* 10 Nev. 217, and *Edwards v. Neison,* 51 Mich. 121.) It is true the findings should be specific, but as the record itself removes any uncertainty we do not feel justified in reversing the judgment upon this ground.

It is also contended that there is no finding upon a material issue. The complaint alleged that the plaintiff "is still the owner and holder of said promissory note," and this allegation is denied by the answer.

The allegation in the complaint was surplusage. The complaint showed title to the note in the plaintiff, and the additional allegation that plaintiff is the owner and holder is a conclusion of law. (*Wedderspoon v. Rogers,* 32 Cal. 569; *Poorman v. Mills,* 35 Cal. 118; *Hook v. White,* 36 Cal. 302; *Price v. Jordan,* 69 Cal. 571.) The issue was, therefore, immaterial. The findings as made cover all material issues, and show plaintiff's title to the note at the time of the trial.

The third finding, appellant contends, is against the evidence. It is to the effect that the contract of guaranty was made by defendant Joost prior to the delivery of said promissory note; and appellant insist that it was made after its delivery and without consideration; and it is also insisted by appellant that the finding that the guaranty was given "prior to the delivery" is not sufficient; that it must appear that the guaranty was given

"contemporaneously with the acceptance of the note," there being no distinct or separate consideration for it.

The note was dated the 5th, and the guaranty was made and the note was delivered on the 7th; but no obligation or liability was incurred by any party to the note until it was delivered, and hence, if the guaranty was written and signed before delivery, the obligation of all the parties to the note, including that of the guarantor, became effective at the same moment, and there was a good consideration for the guaranty; and the only remaining question is whether the guaranty was in fact written and signed after the note was delivered. Upon this point there was a plain and material conflict in the evidence. Mr. Smith, on the part of the defendant, testified that he delivered the new note to Mr. Jordan, the attorney for plaintiff, and received from him the old note, and that the guaranty of Mr. Joost was not on the note when he delivered it; while Mr. Jordan testified that after Mr. Joost had written the contract of guaranty on the back of the note it was lying on witness' desk, and Mr. Smith came in and witness handed Mr. Smith the old note and Mr. Kennedy the new one. There was much other testimony, most of it conflicting, and ample room for argument as to which way it preponderated.

I find no error in the record which would justify a reversal, and advise that the judgment and order be affirmed.

Britt, C., and Pringle, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Garoutte, J., Harrison, J., Van Dyke, J.