[Civ. No. 1651.  Fourth Appellate District.—January 19, 1937.]

KATHERINE F. OVERTON, as Executrix, etc., Respondent, v. BEN WHITE, Appellant.

J. E. Light and William Ellis Lady for Appellant.

Albert Ford for Respondent.

MARKS, J.—This is an appeal from a judgment entered after granting a motion for judgment on the pleadings. Defendant has also attempted to appeal from an order denying his request and motion for leave to amend his answer, and also from the order granting plaintiff's motion for judg-

ment on the pleadings. Such orders are not appealable. (Sec 963, Code Civ. Proc.)

On February 26, 1935, plaintiff instituted this action to recover $7,312, principal, besides accrued interest, upon three promissory notes. Two of the notes were dated November 22, 1926, and were due six months after date. The third was dated November 3, 1927, and was payable ninety days after date. Plaintiff attempted to allege facts tolling the statute of limitations. The answer was filed on October 9, 1935. The case came on for trial on March 31, 1936. Plaintiff made her motion for judgment on the pleadings. Defendant made a similar motion, and also moved the trial court for leave to amend his answer. Defendant's motion to amend was denied, and plaintiff's motion for judgment on the pleadings was granted. This appeal followed.

In the first paragraph of the complaint it is alleged that Agnes O. Hall died on July 28, 1933; that her will was duly admitted to probate and plaintiff appointed executrix; that plaintiff qualified as such and is the duly appointed, qualified and acting executrix of the estate of the deceased.

The second paragraph sets forth copies of the two notes dated November 22, 1926, and contains the allegations that they were made, executed and delivered to Agnes O. Hall by defendant on the date they bear.

The third paragraph contains a copy of the note of November 3, 1927, with similar allegations as to its being made, executed and delivered by defendant to Agnes O. Hall.

In paragraph four it is alleged that Agnes O. Hall, during her lifetime, was the owner and holder of the notes and that after her death her estate became the owner and holder of them.

In paragraph five nonpayment is alleged and that the full amount of principal and interest is due, owing and unpaid.

Paragraph six contains allegations by which plaintiff hoped to toll the statute of limitations.

The answer may best be quoted. Its material portions are as follows:

"I

"That defendant has not sufficient information to form a belief and on that ground denies on information and belief, both generally and specifically, all the allegations contained in Paragraphs IV and V of plaintiff's complaint.

"II

"Defendant denies, generally and specifically all the allegations and facts contained in paragraph VI of plaintiff's complaint.

"For another, separate and distinct answer to plaintiff's complaint, defendant alleges that the cause of action or causes of action contained in plaintiff's complaint are barred by the provisions of sections 337 and 360 of the Code of Civil Procedure of the State of California."

It is to be observed that, as the allegations of paragraphs one, two and three of the complaint are not denied, they are admitted. Therefore, the due execution of the three notes, and their delivery to Agnes O. Hall, are admitted, as well as her death, the admission of her will to probate, and the legal status of plaintiff as executrix.

The denials in paragraph one of the answer are not in the form prescribed by law. (*Aronson & Co.* v. *Pearson,* 199 Cal. 295 [249 Pac. 191]; *Transmarine Corp.* v. *W. R. Kinney Co.,* 123 Cal. App. 411 [11 Pac. (2d) 877]; sec. 437, Code Civ. Proc.) Waiving, for the purpose of this opinion only, the obvious defects of this paragraph, we find that defendant had denied, because of lack of information, that (1) Agnes O. Hall and her estate were or are the respective owners and holders of the notes, and, (2) that nothing has been paid on the principal or interest of the note and that they are due and payable.

The complaint alleged the due execution of the notes by defendant and their delivery to deceased. Having alleged these facts, showing title and possession in deceased and plaintiff, the subsequent allegations of ownership and possession contained in paragraph four of the complaint are mere conclusions of law and surplusage. Their denial after admission of due execution and delivery raised no issue of fact. (*Kennedy etc. Co.* v. *S. S. Construction Co.,* 123 Cal. 584 [56 Pac. 457]; *Curtin* v. *Kowalsky,* 145 Cal. 431 [78 Pac. 962]; *Licht* v. *Gallatin,* 84 Cal. App. 240 [257 Pac. 914]; *Prudential Pet. Co.* v. *Peck,* 132 Cal. App. 4 [22 Pac. (2d) 559].)

The payment of any portion of the principal or interest of the notes was a matter within the actual knowledge of defendant. For that reason he cannot be permitted to deny nonpayment for lack of information and belief or upon in-

formation or belief. Such denials raise no issue of fact under the circumstances of the case. (21 Cal. Jur. 149 et seq., and cases cited.)

The denials of the allegations seeking to toll the statute may be disregarded, for if the statute of limitations is not properly plead in the answer it was unnecessary to attempt to toll it.

Plaintiff's motion for judgment on the pleadings was evidently granted because of the conclusion that the answer did not properly plead the bar of subdivision one of section 337 of the Code of Civil Procedure, the answer pleading the entire section which has two subdivisions.

The only case in point on the sufficiency of this form of pleading, to which we have been cited, is *Wolters* v. *Thomas*, 3 Cal. Unrep. 843 [32 Pac. 565]. In holding that the pleading of the bar of the statute, by referring to a section of the Code of Civil Procedure having more than one subdivision, and not referring to the proper subdivision, does not plead the bar of the statute, it was there said:

"The plea of the statute of limitations is in the following words: 'And, as further defense to said action, alleges that the same is barred by the provisions of section 339, Code of Civil Procedure of the State of California.' That section reads as follows: 'Within two years: (1) An action upon a contract, obligation, or liability, not founded upon an instrument of writing, or founded upon an instrument of writing executed out of the state. (2) An action against a sheriff, coroner, or constable upon a liability incurred by the doing of an act in his official capacity, and in virtue of his office, or by the omission of an official duty, including the nonpayment of money collected upon an execution. But this subdivision does not apply to an action for an escape. (3) An action to recover damages for the death of one, caused by the wrongful act or neglect of another.' Section 458, Code Civil Proc., provides: 'In pleading the statute of limitations, (it) is not necessary to state the facts showing the defense, but it may be stated, generally, that the cause of action is barred by the provisions of section (giving the number of the section and subdivision thereof, if it is so divided, relied upon,)' etc. It is manifest that the answer does not comply with this section. Counsel say that the answer is equivalent to saying

that the cause of action is barred by each of the subdivisions contained in the section referred to. But, if this is the effect, it clearly is not a compliance with the statute. Tested by ordinary rules of pleading, the absurdity of this claim is very obvious. It would be an averment, not only in the same defense, but in the same sentence, that the cause of action is founded upon a contract not in writing, upon a liability incurred by an officer, and that it is an action to recover damages for the death of one, caused by the wrongful act of another. The substituted mode of pleading was allowed to avoid useless prolixity, but was so conditioned as to secure all necessary definiteness in pleading. The rule contended for would nullify these conditions.

"Counsel further contend that the objection should have been made by special demurrer, on the ground of uncertainty or ambiguity. But the objection is not that there is uncertainty in the statement of facts, but that no facts are stated. It is only by a compliance with the statute that such a defense can be made without stating facts. That there must be a strict compliance, in such cases, has often been held. *Manning* v. *Dallas*, 73 Cal. 420, 421 [15 Pac. 34]; *Young* v. *Wright*, 52 Cal. 407; *Judah* v. *Fredericks*, 57 Cal. 389.

"Counsel say that there are numerous cases in which such pleas have passed here without challenge. The only case cited is *Lattin* v. *Gillette*, 95 Cal. 317 [30 Pac. 545, 29 Am. St. Rep. 115]. That case discloses no such plea, nor does it contain any language to justify such assertion. An examination of the record in that case shows that the section and subdivision thereof were pleaded. I think the judgment should be affirmed.

"We concur: BELCHER, C.; SEARLS, C.

"PER CURIAM: For the reasons given in the foregoing opinion the judgment is affirmed."

This case has been cited but once (*Tipps* v. *Landers*, 182 Cal. 771 [190 Pac. 173]) upon the question here involved. There the Supreme Court neither overruled nor expressed approval of the quoted portion of the Wolters decision.

Defendant relies upon four cases to support his argument that his plea of the statute of limitations is sufficient. (*Nicholson* v. *Tarpey*, 124 Cal. 442 [57 Pac. 457]; *Churchill* v. *Woodworth*, 148 Cal. 669 [84 Pac. 155, 113 Am. St. Rep.

324]; *Lilly-Brackett Co.* v. *Sonnemann,* 157 Cal. 192 [106 Pac. 715, 21 Ann. Cas. 1279]; *St. Paul Title & Trust Co.* v. *Stensgaard,* 162 Cal. 178 [121 Pac. 731, 39 L. R. A. (N. S.) 741].)

In the Nicholson case the answer contained the following plea of the statutes which the Supreme Court held sufficient:

"And these defendants aver and say that the said pretended cause and causes of action of the plaintiff are each and all thereof barred by section 337, chapter III, title II, part II, of the Code of Civil Procedure of California, and also by section 343 of the same chapter and title and part of said Code of Civil Procedure, and also by section 319 of chapter II of said title and code."

An examination of the decision shows the inapplicability of either subdivision of section 337 of the Code of Civil Procedure to the facts of the case. Neither of the other cited sections have subdivisions, so, pleading them by number was sufficient. (Sec. 458, Code Civ. Proc.)

In *Churchill* v. *Woodworth, supra,* the question of the plea of the bar of sections 337 and 339 of the Code of Civil Procedure by section numbers and not by section numbers and subdivision numbers was raised for the first time in the Supreme Court. That court disposed of the question as follows:

"No demurrer was interposed to the answer, which, for the purposes of the trial, was assumed to sufficiently present the defense, and the court made its findings thereon. Under these circumstances, we are satisfied that the attempt to plead subdivision 1 of section 339 should not be treated as a nullity, and that the objection to the manner of pleading it was waived by the failure of plaintiffs to urge such objection in the trial court."

In *Lilly-Brackett Co.* v. *Sonnemann, supra,* the defendant defaulted, and his default had been set aside. In his answer he plead the bar of section 361 of the Code of Civil Procedure and the trial judge on motion struck this plea from the answer. The Supreme Court held this to be reversible error. Section 361 of the Code of Civil Procedure has no subdivisions and therefore the pleading of the bar of that section by its number was sufficient. (Sec. 458, Code Civ. Proc.)

In the case of *St. Paul Title & Trust Co.* v. *Stensgaard, supra,* defendant plead the bar of sections 361 and 336 of the Code of Civil Procedure without referring to the appropriate subdivision of the latter section. During the trial defendant was permitted to amend his answer by inserting reference to the proper subdivision of the section. In commenting upon this situation the Supreme Court said:

"Indeed, the original pleading of the section of the code, without special reference to the particular part of it upon which defendant depended, was sufficient, because the first subdivision is the only one that could possibly apply to the facts of this case."

As the answer had been properly amended in the trial court the sufficiency of the plea as originally made was not before the Supreme Court and its remarks which we have quoted are clearly *dicta.*

In the instant case only the provisions of subdivision one of section 337 were applicable to the facts of the case. That section contains two subdivisions. The answer did not refer to the proper subdivision. It was not amended in the trial court. The objection of the insufficiency of the pleading was raised in the trial court. For these reasons the cases cited by defendant are distinguishable and are not controlling here. As the case of *Wolters* v. *Thomas, supra,* cannot be distinguished in principle from the instant case, and as it has not been overruled or modified, we feel it is controlling here, and consequently hold that the provisions of section 458 of the Code of Civil Procedure must be strictly applied, and that the attempted plea of the statute of limitations by defendant was insufficient to raise that issue in the trial court.

It necessarily follows that the answer raised no issue and presented no defense. Therefore, the trial court properly granted plaintiff's motion for judgment on the pleadings, and the judgment must be affirmed unless the trial court committed prejudicial error in refusing to permit defendant to amend his answer.

█ Under quite similar circumstances it has been held that it is not an abuse of discretion or reversible error to refuse to permit a defendant to amend his answer at the time of trial by pleading the statute of limitations. (*Wells, Fargo & Co.* v. *McCarthy,* 5 Cal. App. 301 [90 Pac. 203]; *Rudd* v.

*Byrnes,* 156 Cal. 636 [105 Pac. 957, 20 Ann. Cas. 124, 26 L. R. A. (N. S.) 134].) In the first cited case the court said:

"Ordinarily, an application to amend a pleading to present more fully or accurately a cause of action or a defense should be granted upon such terms as shall appear just. In *Farmers' Nat. Gold Bank* v. *Stover,* 60 Cal. 387, 396, it is said: 'An amendment of pleadings should be allowed at any stage of the trial when it is necessary for the purpose of justice.' (Citing cases.)

"But it is clearly established by the authorities that the appellate court will not reverse an order denying leave to amend except for abuse of discretion. As said in *San Joaquin Valley Bank* v. *Dodge,* 125 Cal. 77, 84 [57 Pac. 687]: 'Amendments to pleadings are left much to the discretion of the court below, and it is presumed that such discretion will always be exercised in furtherance of justice and with the end in view of disposing of cases upon their merits. We cannot interfere except in cases where such discretion is abused.'

"Such amendments, as well observed, are allowed in the interests of justice and not simply to give the party a technical advantage. (Code Civ. Proc., sec. 473.)

"In *Cooke* v. *Spears,* 2 Cal. 409, 412 [56 Am. Dec. 348], in discussing the refusal of the court below to allow an amendment to set up the bar of the statute of limitations, it is said: 'If the statute of limitations had been pleaded in the first instance, there would have been no ground to have objected to it, and the court would have had no legal discretion to have ordered it to be stricken out. But having been omitted when the application to amend was made, the first question certainly presented was, Will it be in furtherance of justice? Such is the language of the statute; such clearly was the intent of the law. But we take it that the judge below was not bound to allow the amendment, unless it would further the ends of justice. He refused it, doubtless believing the contrary, and we think he did right.' "

In the instant case we have before us an unusual record which is composed of what is called a "Clerk's Transcript on Appeal". It is typewritten, but contains nothing which would bring it within the form of a record contemplated by section 953a of the Code of Civil Procedure.

Among other matters not properly incorporated in a judgment roll (sec. 670, Code Civ. Proc.) appears a typewritten copy of a purported bill of exceptions. This record has been prepared without any regard to the provisions of rule VIII of the Rules for the Supreme Court and the District Courts of Appeal. As no objection to the form of the record has been made by plaintiff we have disregarded its insufficiency and have decided the case on its merits. Counsel for appellants should not disregard the rules governing preparation of records on appeal to this court nor should we be expected to examine such defective records.

The judgment is affirmed. The appeals from the orders are dismissed.

Barnard, P. J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 16, 1937, and the following opinion then rendered thereon:

MARKS, J.—In his petition for rehearing defendant urges one ground not presented in his briefs on appeal. ■ He now calls our attention to the fact that no notice of the motion for judgment on the pleadings was given by plaintiff. While this is true the motion was actually made in open court and was argued and submitted without objection being made by defendant. This constituted a waiver of the failure to give notice. In *Hammond Lumber Co.* v. *Bloodgood,* 101 Cal. App. 561 [281 Pac. 1101], it was said:

"It is the well-settled law of this state that where both parties appear and contest a motion, without objection in the trial court, such appearance is a waiver of a written notice, if none were given, or of the defect in the notice to specify all of the relief asked and given, if the motion and order went beyond the terms of the notice. (*Acock* v. *Halsey et al.,* 90 Cal. 215 [27 Pac. 193]; *Curtin* v. *Dunne,* 10 Cal. App. 586 [102 Pac. 825]; *Walberg* v. *Underwood,* 39 Cal. App. 748 [180 Pac. 55]; *Brown* v. *Superior Court,* 65 Cal. App. 147 [223 Pac. 426].)"

The petition for rehearing is denied.

Barnard, P. J., concurred.

Jennings, J., being absent, did not participate herein.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 18, 1937.