[Civ. No. 4179. Fourth Dist. Nov. 1, 1951.]

SECURITY FIRST NATIONAL BANK OF LOS ANGELES, as Executor, etc., Respondent, v. FRANK ROSPAW et al., Appellants.

Harold A. McCabe for Appellants.

Mize, Kroese, Larsh & Mize for Respondent.

GRIFFIN, J.—Plaintiff and respondent, as executor of the estate of Minnie Beal Miller, deceased, brought this action against defendants and appellants Frank Rospaw and wife to recover on a written promissory note dated April 3, 1945, for the principal sum of $3,000, payable in payments of $35 or more on the 3d of every month, with interest from that date until paid at the rate of 6 per cent per annum.

Plaintiff alleges in paragraph I of the complaint that Mrs. Miller died February 21, 1949, and that respondent bank was duly appointed executor. Paragraph II sets up a copy of the note, alleges its delivery to Mrs. Miller and her husband, Arthur W. Miller. Paragraph III alleges the death of Mr. Miller on September 16, 1947, the entry of a decree establishing the fact of his death and terminating his interest in the note, that Mrs. Miller was sole owner thereof, and that the devisees of Mrs. Miller's estate are now owners of the note. Paragraph IV alleges default in payment and that $2,002.01, plus interest, is due thereon. Paragraph V alleges certain attorneys' fees are due under the provisions of the note.

The answer admits the allegations of paragraphs I, II and V, but denies that Mrs. Miller was the owner of the note and denies that her devisees are now its owner. It admits that the sums alleged in paragraph IV have not been paid, but

denies that such sums are now due and payable, by reason of some alleged contemporaneous oral agreement, i.e., that it was orally agreed between the parties, at the time the note was signed (notwithstanding the written terms of the note) it was to be effective only so far as the monthly payments and interest became due, during the lifetime of the deceased payees, and that therefore the note should be null and void.

On March 10, 1950, the court granted respondent's motion for judgment on the pleadings upon the grounds that the answer failed to raise any issue of fact or state a defense. The judgment was entered on March 15, 1950, from which appellants appeal.

The only·claim presented by the appellants on this appeal is that the court erred in granting the motion because the answer did set up a *defense* which should have been heard on its merits, i. e., that parol evidence was admissible for two reasons: (1) that there was a conditional delivery of the note for a special purpose, which was evidenced by a contemporaneous oral agreement; and (2) that under the pleadings it amounted to an offer to prove an executed oral agreement in the nature of accord and satisfaction, citing section 3097 Civil Code, and such cases as *Ellington* v. *Pacific Coast Pulp, etc. Corp.*, 135 Cal.App. 703, 713 [28 P.2d 404]; *Peterson* v. *First Nat. Bank*, 101 Cal.App. 532, 536 [281 P. 1104]; *Treadwell* v. *Himmelmann*, 50 Cal. 9; *Silva* v. *Gordo*, 65 Cal.App. 486 [224 P. 757]; *P. A. Smith Co.* v. *Muller*, 201 Cal. 219 [256 P. 411]; and *Howard* v. *Stratton*, 64 Cal. 487 [2 P. 263]. Respondent contends otherwise.

The death of Mrs. Miller, the legal status of respondent as executor, the due execution and *delivery* of the note to Mr. and Mrs. Miller, and that the principal sum of the note as alleged in the complaint is unpaid except the sum of $997.99, is admitted by the pleadings. It is further admitted that one installment of $35, plus interest, was due and unpaid on February 3, 1949, and that no further payments on said note have been made. No point is made on this appeal about the allegation, which is denied in the answer, that at the time of Mrs. Miller's death she was sole owner of the note and that her devisees, subject to the administration of her estate, were thereafter the owners thereof. Under these circumstances, we will turn our attention only to the question of the claimed oral contemporaneous agreement alleged, and as to whether or not it was a provable defense. (*Overton* v. *White*, 18 Cal. App.2d 567, 570 [64 P.2d 758, 65 P.2d 99].)

■ We conclude that the allegations of the answer set forth only a claimed contemporaneous oral agreement between the parties to the note, affecting only the question as to whether or not payments thereon should continue after the death of the payees, which claimed oral agreement is contrary to the very terms of the written agreement. This same claimed defense was urged in *Seth* v. *Lew Hing,* 125 Cal.App. 729, 736 [14 P.2d 537, 15 P.2d 190], where the court said that such an oral agreement was inadmissible and that the maker of a promissory note cannot rely upon an oral promise not to pay in the absence of fraud, mistake, or want of consideration, and that when there is neither fraud nor mistake and a *consideration has passed,* the maker is bound by his written promise and may not rely upon parol evidence to prove a collateral agreement for relieving him from liability. Any evidence taken under this claimed defense would be inadmissible. (Code Civ. Proc., § 1856; Code Civ. Proc., § 1962, subd. 2; *Van Fleet-Durkee, Inc.* v. *Oyster,* 91 Cal.App.2d 411 [205 P.2d 32]; *McArthur* v. *Johnson,* 216 Cal. 580, 582 [15 P.2d 151].) The general purpose of this rule is clearly reflected in the instant case where the payees are deceased and payors are endeavoring to establish some claimed oral contemporaneous agreement with them, contrary to the terms of the written agreement. The facts in the instant case distinguish the cases relied upon by appellants which hold that a *conditional delivery* may constitute a defense under section 3097 of the Civil Code. The execution and *delivery* of the note and the payments thereon are admitted. The only claimed defense is that the parties orally agreed that upon the death of the payees no further payments would be exacted.

■ The facts pleaded do not show an accord and satisfaction. See sections 1521-1523 Civil Code; 1 California Jurisprudence, page 124, section 1; and *B. & W. Engineering Co.* v. *Beam,* 23 Cal.App. 164, 170 [137 P. 624], where it is said:

"The phrase 'accord and satisfaction' as it is known and applied in the law means the substitution of a new agreement for and in satisfaction of a pre-existing agreement between the same parties. . . . As a matter of course an agreement of accord and satisfaction presupposes a prior controversy concerning the relative rights of the parties under the pre-existing agreement. . . ."

It was held in *Ayoob* v. *Ayoob,* 74 Cal.App.2d 236 [168 P.2d 462], [quoting from the syllabus] that:

"For a new agreement to constitute an accord and satisfac-

tion, generally a right of action must have already accrued on the old obligation.''

On March 16, 1950, one day after entry of the judgment on the pleadings, appellants filed a ''Petition to File an Amended Answer,'' accompanied by the proffered amended answer which set up the same claimed defense related and a further claimed defense that the *delivery* of the note was *conditional,* predicated upon an oral agreement between the parties that said note would not go into effect so long as the payors paid the payees $35 per month during the payees' lifetimes; that this understanding was made because of the fondness of the Millers for the son of defendants and because ''it would give the defendants an opportunity to help the son when he returned from military service.'' The court denied the petition and defendants appealed from the order.

 An appeal does not lie from an order denying a motion for leave to amend an answer. (*Overton* v. *White,* 18 Cal.App. 2d 567 [64 P.2d 758, 65 P.2d 99]; *Brown* v. *Volz,* 90 Cal.App. 2d 793 [204 P.2d 110].) However, in said petition is contained a request to ''set aside'' the ''Order Granting Judgment on the Pleadings,'' and to allow defendants to file the proffered amended answer, on the ground of excusable neglect in that counsel for appellants neglected to ask the court, prior to or at the time of the hearing on the motion for judgment on the pleadings, for permission to amend the answer. Appellants contend this is, accordingly, an appealable order under section 473 of the Code of Civil Procedure.

 Assuming, for the purpose of argument, that appellants have brought themselves within the provisions of section 473, *supra,* the trial court, under that section is given discretionary power in granting the motion, and in the absence of an abuse of discretion this court may not interfere. (*Weck* v. *Sucher,* 96 Cal.App. 422 [274 P. 579].) The trial court was authorized to believe that the showing made of excusable neglect, inadvertence and mistake was insufficient to warrant an order granting relief. Where a defendant admits due execution and delivery of a note in his answer the court is authorized to deny a request to file an amended answer, where defendant changes his position and alleges a conditional delivery. (*Overton* v. *White, supra; Lee* v. *Hensley,* 103 Cal. App.2d 697, 704 [230 P.2d 159].)

Order and judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.

A petition for a rehearing was denied November 20, 1951.