238 P.2d 690]

## Appellate Department, Superior Court, San Diego

[Civ. A. No. 167984. Nov. 26, 1951.]

### L. L. STEINER, Appellant, v. HUGH A. CROONQUIST et al., Respondents.

Ruel Liggett for Appellant.

W. B. Dennis for Respondents.

BURCH, J.—This is an action on two promissory notes, one for $750, dated February 2, 1940, which became due February 1, 1942, the other for $300, dated November 1, 1939, due six months from date. The complaint was filed on May 17, 1950. The court held the notes barred by subdivision 1 of section 337 of the Code of Civil Procedure.

Plaintiff urges on appeal that the affirmative defense of the statute was not before the court because the subdivision of the section relied upon was not pleaded in the answer, and, further, that if the issue was before the court the running of the statute was tolled by a new promise to pay within four years of suit.

The answer of the defendants alleges, among other things, that plaintiff's action ". . . is barred by section 337 of the Code of Civil Procedure of the State of California." At the trial it developed that defendants had, within four years of the date of filing the suit but more than four years after the notes matured, written a letter to plaintiff's assignor, in which it was stated ". . . will you send me an accounting of what I owe you and let's get this cleaned up. I have my books from C. Lee now and would like to close them."

Section 458 of the Code of Civil Procedure authorizes a plea of the statute of limitations by ". . . (giving the number of the section and subdivision thereof, if it is so divided, relied upon) . . ." Section 337 has two subdivisions. It has been held that a failure to plead the pertinent subdivision, though pleading the section, is an insufficient plea. (*Wolters* v. *Thomas,* 3 Cal.Unrep. 843 [32 P. 565]; *Overton* v. *White,* 18 Cal.App.2d 567 [64 P.2d 758, 65 P.2d 99]; *Hart* v. *Slayman,* 30 Cal.App.2d 556 [86 P.2d 861]; *Davenport* v. *Stratton,* 24 Cal.2d 232 [149 P.2d 4]; *Downs* v. *Benatar's etc. Stores,* 75 Cal.App.2d 61 [170 P.2d 88].)

Other decisions are to the effect that where the section is pleaded and the pertinent subdivision is not designated the pleading is nonetheless not a nullity. (*Churchill* v. *Woodworth,* 148 Cal. 669 [84 P. 155, 113 Am.St.Rep. 324]; *St. Paul Title & Trust Co.* v. *Stensgaard,* 162 Cal. 178 [121 P. 731, 39 L.R.A.N.S. 741].)

■ Since the statute of limitations is a personal defense, it may be waived. ■ It is therefore required by the decisions that there be ". . . some expression that lateness of the commencement of the action is a ground of defense." (*Hall* v. *Chamberlain*, 31 Cal.2d 673, 680 [192 P.2d 759].)

■ If the section, but not the pertinent subdivision, be pleaded, there is "some expression" but not the exactness of pleading specified by section 458 of the Code of Civil Procedure.

■ In *Davenport* v. *Stratton*, 24 Cal.2d 232, 248 [149 P. 2d 4], upon the authority of *Churchill* v. *Woodworth*, 148 Cal. 669 [84 P. 155, 113 Am.St.Rep. 324], as approved in *Universal Sales Corp.* v. *California Press Manufacturing Co.*, 20 Cal.2d 751, 773 [128 P.2d 665], the strictness of the statutory requirement is thus limited:

"The rule as to the proper plea of the statute of limitations is not self-operating but depends for its enforcement on the diligence of the plaintiff in objecting to the insufficiency of the plea either by demurrer to the answer or by timely objection at the trial."

■ The appeal here is on the judgment roll which fails to disclose that plaintiff either demurred or made timely objection at the trial; nor does plaintiff appeal from any adverse rulings in these respects. On the contrary, he urges that the defendants' attempt to plead the bar of the statute is a mere nullity. In view of the rule quoted above, we are unable to agree with plaintiff in this contention.

The other contention of plaintiff on appeal relates to the application of section 360 of the Code of Civil Procedure which provides that no acknowledgment or promise is sufficient evidence of a new or continuing contract by which to take the case out of the operation of the statute of limitations, unless the acknowledgment or promise is contained in some writing, signed by the party to be charged thereby.

■ At the outset of this discussion, it will be noted that the writing relied upon is signed only by the defendant Hugh A. Croonquist. As a general rule, the promise of one of several joint obligors cannot avail to revive as against the others a cause of action barred by limitation or to suspend the running of the statute. (*State Loan etc. Co.* v. *Cochran*, 130 Cal. 245, 255 [62 P. 466, 600]; *Searles v. Gonzalez*, 191 Cal. 426, 434 [216 P. 1003, 28 A.L.R. 78].) We cannot assume on this appeal that the defendant Vivian Croonquist empowered Hugh A. Croonquist to bind her by the writing

quoted above, whatever may be its effect upon Hugh's defense. Nor do we think the writing revived the action as against Hugh A. Croonquist, as a matter of law.

In *Western Coal & Mining Co.* v. *Jones,* 27 Cal.2d 819 [167 P.2d 719, 164 A.L.R. 685], thorough consideration is given by the court to the sufficiency of the acknowledgment or promise as enacted in section 360 of the Code of Civil Procedure, in order to stay the several limitation statutes. The rule is stated clearly by a quotation from *Biddel* v. *Brizzolara,* 56 Cal. 374, 380:

" '1. That a debt barred by the Statute of Limitations may be revived by a new promise.

" '2. That such new promise may either be an express promise or an implied one.

" '3. That the latter is created by a clear and unqualified acknowledgment of the debt.

" '4. That if the acknowledgment be accompanied by such qualifying expressions or circumstances as repel the idea of an intention or contract to pay, no implied promise is created . . .' "

The running of a statute of limitations upon a promissory note would be tolled by the payment of any part of the principal or interest. (Code Civ. Proc., § 360; *Barron* v. *Kennedy,* 17 Cal. 574, 577.) Here the complaint alleges, however, that no part of the principal or interest has been paid.

In applying the foregoing principles to the instant case, clearly there is no express promise to pay the promissory notes in suit. There is no clear and unqualified acknowledgment even of the existence of the indebtedness which the notes represent. The ambiguity of the writing as respects an indebtedness called for evidence of the circumstances under which it was made and the matter to which it related. (Civ. Code, § 1647.) Such evidence was introduced at the trial and the court found that one of the defendants wrote the letter August 3, 1946, ". . . desiring to know what claims the plaintiff's assignor was making against him, . . ." To seek knowledge is not equivalent to an acknowledgment. The finding that there was no acknowledgment of the debt was a proper function of the trial court and will not be disturbed on appeal. (*Heslin* v. *Lapham,* 77 Cal.App. 137 [246 P. 150]; *Estate of Rule,* 25 Cal.2d 1 [152 P.2d 1003, 155 A.L.R. 1319]; *Estate of Wunderle,* 30 Cal.2d 274 [181 P.2d 874]; *Taylor* v. *J. B. Hill Co.,* 31 Cal.2d 373 [189 P.2d 258].) Where

an act is equivocal, evidence of the intent of the party is competent and relevant to establish its legal effect. (*Brant* v. *California Dairies, Inc.*, 4 Cal.2d 128, 134 [48 P.2d 13].)

We find no errors, and the judgment for defendants is affirmed.

Turrentine, P. J., and Glen, J., concurred.