17 Cal.2d 259 (1941)
In the Matter of the Estate of PHILIP RICHARDS, Deceased. FRANK BENNALLACK, as Administrator, etc., Appellant,
v.
E. M. RECTOR, as Administrator With Will Annexed, etc., Respondent.
Sac. No. 5263. 
Supreme Court of California. In Bank. 
February 3, 1941.
 James Snell for Appellant.
 W. E. Wright and H. Ward Sheldon for Respondent.
 Butler, Van Dyke & Harris, as Amici Curiae, on behalf of Respondent.
 THE COURT.
 This is an appeal from a "decree settling accounts and decree of distribution" in the matter of the estate of Philip Richards, deceased. The facts in this case are substantially as follows:
 Philip Richards died in 1887, leaving a will in which William G. Richards, Francis Richards and James Bennallack were named as executors. The will, which was duly admitted to probate, designated certain legatees and provided that in the event of the death of any one or more of such legatees before receipt of the respective bequests, the amount or amounts thereof should be paid to the testator's brother, William S. Richards. The residue of the estate was left to the said brother, William S. Richards, and to another brother, Francis *261 Richards (also known as Francis S. Richards), share and share alike.
 Probate of the estate proceeded over a period of years and, on June 16, 1934, Wm. G. Richards, who since the death of the second coexecutor in 1900 had been the sole executor of the Philip Richards estate, rendered to the probate court an account which covered a period of twenty-two years, and which indicated a balance of cash on hand in the estate in the sum of $8,533.98. As against that amount, however, in the said account he requested that allowance be made to him for reasonable fees as executor. The amount shown as cash on hand included the sum of $3,000 which had been received as additional consideration in connection with certain real property which had been accepted in exchange for a parcel of real property that had belonged to Philip Richards' estate at the time of his death.
 On August 21, 1934, Frank Bennallack, appellant herein, as administrator of the estate of Mary Ann Bennallack, deceased, who was the widow and heir of James Bennallack (to whom Francis Richards' residuary interest in the estate of Philip Richards had been assigned), filed objections to the account filed by Wm. G. Richards and, among other things, alleged that no vouchers accompanied the said account; that, according to the books which had been kept by Wm. G. Richards, all amounts of money which had been received by him as executor were not included in the account so filed; and that many items of disbursement therein itemized were not properly chargeable against the estate.
 On September 24, 1934, a hearing on the matter was had in open court, at which time it was ordered submitted. At said hearing it was stipulated that the matter of the claim of Wm. G. Richards for executor's fees would be considered at the hearing on his final account.
 On November 26, 1934, Wm. G. Richards filed a supplemental and final account, wherein it appeared that the residue of the estate consisted of cash on hand in the sum of $8,767.40, together with the real property which had been acquired by the estate as a result of the exchange hereinbefore mentioned. The said final account was accompanied by a petition for distribution, and a hearing on that petition was set for December 7, 1934. On behalf of the estates he represented, Frank Bennallack filed exceptions to the said final account. However, two days after his final account was filed, Wm. G. *262 Richards died, and his widow, Mary E. Richards,--to whom he had deeded all his interest in Philip's estate, including the residuary interest of William S. Richards which theretofore had been assigned to him,--was appointed administratrix with the will annexed of the estate of Philip Richards. Shortly thereafter, and before qualifying as such administratrix, Mary E. Richards died. On April 5, 1935, E. M. Rector, respondent herein,--who is the husband of the daughter (and heir at law) of Wm. G. and Mary E. Richards,--was appointed to succeed Mary E. Richards as administrator with the will annexed of Philip's estate.
 It perhaps at this point should be stated that for a period of forty-seven years preceding his death Wm. G. Richards had served as an executor of the will of Philip Richards, without having received therefor any fees as such executor,--and that during the last twenty-two years prior to his demise, as hereinbefore has been indicated, he had served as the sole executor thereof. The two accounts which were filed by Wm. G. Richards covered the said period of twenty-two years and contained several hundred items of receipt and disbursement, the dates, amounts and nature of which were clearly detailed. The items of receipt consisted principally of monthly rentals collected from tenants of the real property, and nearly all the items of disbursement represented payments of taxes and insurance, also for improvements and upkeep of the property. A considerable portion of the remaining disbursements represented expenses of litigation in which on each of many different occasions the estate had been engaged. The recapitulation set forth in the final account showed that during the preceding twenty-two years in which Wm. G. Richards was the sole executor he received for the estate the total sum of $18,447.42, and expended $9,680.02,--which left a balance on hand of $8,767.40. However, as hereinbefore has been stated, as against that balance the executor made a demand (which was supported by a complete statement of facts in relation thereto) for an allowance of fees in the following sums: $788.95 as statutory fees of the executor; $4,700 for extraordinary services performed by the executor during the preceding forty-seven years; and $1,000 for extraordinary services of the executor's attorneys. One of appellant's principal objections to the account and petition for final distribution which was filed by Wm. G. Richards was directed against the allowance of the amounts claimed therein as executor's fees. *263
 From the record, it appears that, shortly after the death of Wm. G. Richards, it was ascertained that he did not, in fact, have on hand the entire amount of money with which, in his final account, he had charged himself as executor of the Philip Richards estate, i. e., the sum of $8,767.40. It also appears that all persons interested in the Philip Richards estate had knowledge of that fact--as well as of the further fact that as against the amount shown in his final account as being on hand, Wm. G. Richards had asserted a claim for executor's fees in the sum of approximately $5,500.
 Several hearings were had on the last account of Wm. G. Richards and, finally, on February 5, 1936, the matter of the settlement thereof was taken up in court chambers. At that hearing the attorneys for E. M. Rector as administrator of the respective estates of Philip Richards, deceased, Wm. G. Richards, deceased, and Mary E. Richards, deceased, entered into a written stipulation with the attorneys for Frank Bennallack as the administrator of the respective estates of Mary Ann Bennallack, deceased, and James Bennallack, deceased, whereby it was provided that the account dated June 15, 1934, and the final account dated November 22, 1934, as filed by Wm. G. Richards, be settled and allowed,--and a proposed order to that effect was prepared and attached to the stipulation. However, in view of the fact that the hearing was had in chambers there is no record of the discussion which took place among the several attorneys at or immediately preceding the time they entered into the said stipulation. But from the testimony which was given at subsequent hearings it appears that the question of the allowance of executor's fees was there discussed; that it was understood and agreed between the parties to the stipulation that the claim for the entire sum of money asserted by Wm. G. Richards as due him for executor's fees would be waived,--and that the amount of cash on hand which belonged to the Philip Richards estate was the sum of $3,002.76.
 On February 7, 1936, the court signed the said order. It was therein recited that the amount of cash on hand in the estate of Philip Richards was the sum of $3,002.76, from which the court directed the payment of certain items of expense which had been settled and allowed; and by the terms of that order E. M. Rector, as administrator of Philip's estate, was charged with the amount of cash remaining on hand after those deductions had been made, i. e., the sum of $2,194.63. *264 It also was provided therein that such order was to be "a final adjudication of the accounts presented and all moneys received and disbursed by the said Wm. G. Richards as Executor of the said Estate, and a final settlement of all cash money due said Estate from said Wm. G. Richards, ...". (Emphasis added.) No appeal was taken from that order. However, a day or so after the stipulation was entered into, and after the order had been signed, appellant herein assertedly for the first time learned of the execution of the stipulation, and he thereupon discharged his then attorney for the asserted reason that the stipulation had been entered into on appellant's behalf without his knowledge or consent.
 Thereafter, on February 14, 1936, E. M. Rector as administrator with the will annexed of the estate of Philip Richards filed his first and final account, which included a petition for distribution of all the estate remaining in his hands. On February 29, 1936, Frank Bennallack, individually, and as administrator of the estates he represented, filed objections to settling the accounts of administrator E. M. Rector, to the petition for distribution and to the closing of Philip Richards' estate. As a part of those objections he sought a nullification of the stipulation and order of February 7, 1936, settling the accounts of Wm. G. Richards, and requested that a complete hearing be had on both of the Richards accounts.
 On January 4, 1937, a hearing was had on E. M. Rector's accounts, and from the record it appears that, in part, the court treated appellant's said objections as an application filed under the provisions of section 473 of the Code of Civil Procedure, to have set aside and declared void the said stipulation, together with the order which had been signed by the court on February 7, 1936. At that hearing the court stated that the application for relief under section 473 would be denied; and thereafter, and some time between January 4th and the end of that month, a minute order appeared on the records of the court, which in part was as follows: "It is ordered that relief under section 473 [Code Civ. Proc.] be denied. It is further ordered that judgment be that residue of the estate will be divided equally between the heirs and successors of William S. Richards and Francis Richards." Subsequently, administrator Rector filed supplemental accounts, and thereafter a hearing was had on September 3, 1937, with respect to those accounts. On September 16, 1937, the final and supplemental accounts of administrator Rector *265 were settled, allowed and approved; and on September 20, 1937, a final decree of distribution was entered. By its judgment the court denied the relief asked for by administrator Bennallack as set forth in his several objections. The decree also contained a formal ruling by which appellant's request for nullification of the order of February 7, 1936, was denied. The present appeal was taken from that decree.
 Although the appeal was taken from the decree settling the final account and granting the petition for final distribution filed by E. M. Rector, the real controversy on this appeal is grounded on the asserted invalidity of two separate orders which theretofore had been made by the probate court. The first of the orders which appellant sought to have annulled (which hereinafter will be more fully discussed) was made on November 6, 1933, during the administration of the estate by E. M. Rector's predecessor, Wm. G. Richards, which order authorized the exchange of real property heretofore mentioned. The second order was the one made on February 7, 1936, by which were settled the said two accounts filed by the executor Wm. G. Richards.
 With regard to the second order,--against the validity of which appellant has directed most of his argument,--as hereinbefore has been stated, on February 29, 1936, at the time appellant filed his objections to settling the Rector accounts, he also sought an annulment of the said order of February 7, 1936 (based on the assertion that as to appellant the stipulation was invalid, for the reason that, allegedly, he had not authorized his then attorney to so stipulate); and at the same time he asked that a complete hearing be had on the two Wm. G. Richards accounts. In the latter connection appellant charged the executor with being indebted to the Philip Richards estate to the extent of large sums of money, and asked "That no allowance be made to said Wm. G. Richards for any item of expenditure alleged to have been made in said accounts in excess of $20.00 for which no voucher is produced or filed" or "for any item of expenditure alleged to have been made in said accounts for any item of $20.00 or less for which no voucher is produced, unless such item of expenditure shall be supported by the uncontradicted oath of the said Wm. G. Richards, positive to the fact of payment, specifying when, where, and to whom it was made; provided, however, that there shall not in any event be an allowance made for items of expenditure of $20.00 or less, where no vouchers are produced, *266 for any sum in excess of $500.00". With respect to the absence of vouchers, it may be stated that at the hearing of Wm. G. Richards' first account testimony was adduced showing that during the management of the estate as sole executor he had kept a "time book" in which he had entered all receipts and disbursements as the respective transactions had taken place, and that the items of receipt and disbursement set forth in said account were copied from that book, which was produced at the hearing and introduced in evidence. Furthermore, Wm. G. Richards testified in support of his account that the amounts of all payments set forth therein had actually been made by him on the dates, to the persons, and for the purposes stated in the account. No testimony to the contrary was produced.
 Appellant does not claim that the order settling said accounts was made or entered as the result of mistake, inadvertence, surprise or excusable neglect (sec. 473, Code Civ. Proc.). Nor does he intimate that any fraud was practiced by anyone in connection with the making of the stipulation therein referred to, or with the obtaining of said order. Moreover, he concedes that upon its face the order is valid. However, appellant contends that the order should be declared void for the following reasons: (1) That the final proceedings which resulted in the making of the order of settlement took place in court chambers; (2) that the items of expenditure set forth in said account which exceeded $20 in amount were not supported by vouchers; (3) that said order is based on a void stipulation in that the stipulation in question was in effect a "compromise" of a claim against "a debtor of the decedent" as those terms are used in section 578 of the Probate Code, and that no petition was filed nor court order obtained for such "compromise", as required by that section; and (4) that in any event appellant was not bound by said stipulation--which was ineffectual for any purpose, for the reason that appellant's attorney entered into the stipulation without being authorized so to do.
 [1] It would appear that if those contentions were to be upheld the effect would be to nullify the order of February 7, 1936, to reopen for examination the accounts of the executor Wm. G. Richards which had covered his administration of the Philip Richards estate over a period of some twenty-two years, and to declare as a matter of law that a probate court is *267 without jurisdiction to settle an account of an executor or administrator for less than the amount of the balance set forth in the account unless a court order for "compromise" is previously petitioned for and granted, pursuant to the proceedings provided for in section 578 of the Probate Code. Respondent, however, contends that the requirements of section 578 were never intended to apply to proceedings involving the settlement of an account of an executor. The latter contention must be sustained. By the provisions of article III, chapter XV, division III, of the Probate Code there is outlined the complete procedure to be followed in the matter of settlement of accounts of an executor or administrator, and no reference is therein made to the provisions of section 578 of that code. Moreover, from a consideration of the language of the said section it would appear to be impracticable to apply the provisions thereof to the settlement of an executor's account. In part, the section provides as follows:
 "If a debtor of the decedent is unable to pay all his debts, the executor or administrator, with the approval of the court, may give him a discharge, upon such terms as may appear to the court to be for the best interest of the estate. A compromise may also be authorized by the court when it appears to be just and for the best interest of the estate."
 It is clear that until the probate court has made and entered an order settling an executor's account, there can be no determination of the amount due the estate from the executor, and until the amount thereof has been so determined there could be no basis for a petition or an order for compromise. Section 578 provides for the procedure which may be invoked where a "debtor" of a decedent is unable to pay all his debts.
 [2] Moreover, under section 1240 of the Probate Code, a right of appeal from the order objected to was afforded appellant, and he failed to exercise that right. When the time has elapsed within which an appeal may be taken from an order or judgment, an appeal is unavailing where, as here, it is taken from a subsequent order which refused to set aside the original order. (Estate of Davis, 151 Cal. 318 [86 P. 183, 90 P. 711, 121 Am.St.Rep. 105]; Estate of Devincenzi, 119 Cal. 498 [51 P. 845]; 2 Cal.Jur., p. 164.) It is clear that appellant herein could have appealed from the order of February 7, 1936, and thereby have presented for review on appeal the questions with regard to the asserted irregularities *268 which he now presents as his first three points, as hereinbefore mentioned.
 However, appellant argues that--on an appeal from the order of February 7, 1936,--he could not have embodied in a bill of exceptions the facts relied on by him to prove that his attorney had entered into the stipulation without having been authorized by appellant so to do, for the reason that such issue did not arise and the evidence pertaining thereto was not adduced until after said order had been made and entered. In connection with the stipulation, appellant's principal complaint is that--with regard to the settlement of Wm. G. Richard's final account--his attorney had no authority to stipulate for any sum less than the sum of $8,767.40, the amount of cash which was indicated in said account as having been on hand. However, as hereinbefore has been indicated, in entering into the stipulation the court and the attorneys took into consideration the executor's demand for fees, and in that regard the record shows the following facts: At the time of the executor's appointment in 1887, the estate consisted of several pieces of real property and considerable personal property, including mining stock. Twenty-two cash legacies were created by the will, some seven bequests of personal property, together with five specific devises of real property, and the residue was bequeathed in equal shares to the decedent's brothers. Several of the legatees resided outside this country. By the terms of the will, the executors were authorized--without order of court--to pay the cash legacies, deliver the bequeathed personal property, convey the real property to the beneficiaries entitled thereto, and to rent, sell or otherwise dispose of the remaining real property which belonged to the estate. [3] Following the death of the two coexecutors, Wm. G. Richards managed the entire estate. He performed innumerable services in that regard, such as securing tenants for the real property, collecting the monthly rentals therefrom, keeping the property in repair and improving the same. Furthermore, during the forty-seven years of its pendency in probate, the estate was engaged as a party litigant in eight separate legal actions and several distinct appeals to this court. At the time the executor filed his petition for final distribution he had paid all claims against the estate and had carried out all the terms of the will with respect to payment of the cash legacies, delivery of the bequests, and conveyance of the several pieces *269 of real property. In addition thereto he had sold or exchanged various other pieces of the real property belonging to the estate, so that the residue of the estate consisted only of money and one parcel of real property, which by the provisions of the final decree of distribution--from which this appeal was taken--was apportioned in equal shares to the estates of Mary Elizabeth Richards, the deceased wife of the said executor, and James Bennallack, deceased, the father of appellant. Up to the time of the filing of his final account, no allowance for executor's fees had been made to Wm. G. Richards, and he thereupon asked for an allowance of approximately $100 a year for the extraordinary services thus rendered by him during the preceding forty-seven years. Therefore, it would seem that if the question of the reasonableness of such demand were a matter that could be properly reviewed on this appeal, this court would not be warranted in ruling that the amount claimed for executor's fees was disproportionate to the value of the services that he had rendered.
 [4] However, aside from other considerations, the validity of the final order of settlement of the Wm. G. Richards accounts cannot be made to depend on the question whether appellant was bound by the stipulation, for the reason that by virtue of the code sections embodied in article III, chapter XV, division III, of the Probate Code the authority to settle the accounts of an executor or administrator is vested in the probate court, free from any control by the parties. And although the court may exercise such authority in accordance with stipulation or agreements of the parties or their attorneys, it is not bound to do so. Therefore, even assuming that the stipulation which was entered into by the attorneys in the present case was for any reason not binding on appellant, the court's order of settlement, being valid on its face, could not in any event be rendered void. (Church v. Church, 40 Cal.App.2d 701 [105 PaCal.2d 643]; Security-First Nat. Bk. of L. A. v. Superior Court, 1 Cal.2d 749 [37 PaCal.2d 69].)
 [5] The other order which appellant attacks on this appeal was made on November 6, 1933. In that order the probate court granted the petition of Wm. G. Richards as executor of the estate of Philip Richards, by which he sought to effect the exchange of a certain parcel of real property belonging to the Philip Richards estate for another piece of property, plus the *270 sum of $3,000 in cash. Appellant filed a protest against such proposed exchange, on the ground that the estate had not been distributed. However, the said petition was granted on the ground that the exchange of the respective properties was for the best interests of the estate. The order recited that notice of hearing has been duly given and that evidence both oral and documentary had been introduced. The court had jurisdiction to entertain the petition as presented, and there is no showing that the order was void on its face. No appeal from such order was filed until September 27, 1937. The order had become final long prior to the last- mentioned date, and the present attack comes too late to be of any avail to appellant.
 [6] It therefore follows that appellant's present objections to the two orders herein attacked may not be successfully urged on this appeal which was taken from the decree settling the final accounts of Wm. G. Richards' successor. To entertain those objections at this time would be to put the stamp of approval on an action which amounts to no more than a collateral attack on the said two orders.
 From the foregoing it follows that the decree settling accounts and ordering distribution should be, and it hereby is, affirmed.