[Civ. No. 9250.   Third Dist.   May 6, 1958.]

VERLAH FERN TEW, Appellant, v. WILLIE TEW, Respondent.

*Assigned by Chairman of Judicial Council.

142

William H. McPherson for Appellant.

Henry H. Kilpatrick, Thomas F. O'Hara and J. Clinton Peterson for Respondent.

PEEK, J.—Plaintiff appeals from an order of the trial court granting defendant's motion to dismiss plaintiff's action pursuant to the provisions of section 583 of the Code of Civil Procedure.

On May 31, 1946, plaintiff was granted an interlocutory decree of divorce, which decree approved and incorporated therein a previous property settlement agreement purporting to divide all of the community property of the parties. On May 31, 1947, plaintiff moved to modify the interlocutory decree on the ground that defendant falsely represented to plaintiff the extent and value of the community property of the parties at the time the agreement was executed. Her motion was denied on August 6, 1947, and thereafter a final decree of divorce was entered. On the same day, May 31, 1947, she also filed this action for an accounting and other relief wherein she made the same allegations relative to defendant's false representation concerning the community property. Defendant demurred, and on December 27, 1948, the same was overruled. On January 11, 1949, defendant answered, and as a separate defense set up the order of August 6, 1947, denying plaintiff's motion to modify the interlocutory decree. The cause was set for trial on February 4, 1949. When the case was called on that date, plaintiff's counsel withdrew and the matter was ordered off calendar, to be thereafter reset. On May 24, 1956, pursuant to plaintiff's motion, the case was set for trial on October 26, 1956. On June 1, 1956, Mr. Thomas F. O'Hara, who still appeared as the attorney of record for defendant, addressed a letter to plaintiff's counsel wherein he stated as follows:

"I have not seen Willie Tew for many years. I request,

therefore, that your Memorandum of Motion to Set Cause for Trial be mailed to him.

"At the present time it is my understanding that the relationship of attorney and client no longer exists in the above entitled matter from my standpoint."

Thereafter a notice of trial was personally served on the defendant in Flathead County, Montana, on September 15, 1956. When the cause came on for trial defendant was represented by Mr. O'Hara. At the suggestion of the court Mr. O'Hara moved to dismiss the action on the ground that plaintiff had failed to prosecute the same within the five-year period as provided in section 583 of the Code of Civil Procedure. There is no question but that the cause had then been at issue for more than the statutory period. It was stipulated by counsel for both parties that the defendant had been out of the state during the greater portion of the statutory period. Defendant's motion was granted and this appeal followed.

It is plaintiff's first contention that the court erred in granting defendant's oral motion to dismiss on the ground that the same was made without due notice to her. In support thereof she urges that she was not given an opportunity to show defendant's absence from the state as well as the lack of attorney-client relationship between the defendant and Mr. O'Hara, and that such a factual showing would have made said section inapplicable to the facts in the present case.

The pertinent provisions of section 583 are as follows:

"Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced . . . on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after plaintiff has filed his action, . . . except where it be shown that the defendant has been absent from the State . . . in which event said period of absence or concealment shall not be a part of said five-year period. When, however, such defendant has, or has had, an attorney of record for a sufficient time to enable the action to have been tried if the plaintiff had acted with due diligence, such period of absence or concealment shall be a part of said five-year period."

As previously noted the record shows that plaintiff's motion to set the cause for trial was not filed until approximately seven years after the action was instituted. And since Mr. O'Hara remained as defendant's counsel of record

throughout the entire period, it would appear that the requirements of said section had been amply complied with. While it is true, as plaintiff contends, no notice was given by defendant of his intention to move to dismiss, nevertheless it is also true that independent of statutory provisions, the trial court had inherent power to dismiss the action in a case where it had not been diligently prosecuted. (*Steen* v. *City of Los Angeles*, 31 Cal.2d 542, 546 [190 P.2d 937]; *Gurst* v. *San Diego Transit System*, 119 Cal.App.2d 51, 54 [258 P.2d 1109].) ■ Furthermore, the record shows without contradiction that plaintiff's counsel appeared at and participated in the hearing of the motion and raised no question of lack of notice. Nor was any request made for a continuance in order to make the factual showing as is now contended by plaintiff. Under the rule as enunciated in *Overton* v. *White*, 18 Cal.App.2d 567 [64 P.2d 758, 65 P.2d 99], the plaintiff could well be held to have waived failure on the part of defendant to give notice. ■ Finally it may be said that absent any showing on the part of plaintiff to bring the case within the statutory exemption, her failure to bring the cause to trial within the five-year period placed a mandatory duty upon the court to dismiss. (*Ellsworth* v. *United States Metals Corp.*, 110 Cal.App.2d 727, 728 [243 P.2d 575].)

The order is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.