[Civ. No. 23479. Second Dist., Div. Two. Apr. 21, 1959.]

MAY H. GRENALL, Appellant, v. ALEXANDER GRENALL, Respondent.

Brock, Fleishman & Rykoff and Robert L. Brock for Appellant.

Gordon, Knapp, Gill & Hibbert and Maurice E. Hibbert for Respondent.

HERNDON, J.—Plaintiff appeals from two orders entered on March 28, 1958: (1) an order denying her motion to vacate a former order which provided for the termination of her alimony payments at the expiration of one year; and (2) an order denying her application for increased alimony payments and for an extension thereof beyond the expiration date set by the former order. The ground of attack on the first order is that it was void because it was not based upon any properly noticed motion. The second order is challenged as constituting a manifest abuse of judicial discretion.

In 1948 plaintiff was granted a divorce on grounds of cruelty and was awarded custody of two children, then 7 and 4 years of age. Defendant was ordered to pay plaintiff $85 per month as alimony and $80 per month for the support of the children. In 1951 the alimony was increased to $100 per month and the children's support was increased to $65 per month for each child. In 1955 defendant obtained an order reducing the alimony to $25 per month upon a showing that he had suffered a reduction in salary.

In 1957 plaintiff sought increased amounts for alimony and child support. Her affidavit showed that the minor children had reached the ages of 12 and 15, respectively; that the expenses of rearing the children had increased considerably; that defendant had found new employment at a higher salary. At the hearing, plaintiff testified that she was employed as a clerk at a salary of $42.21 per week, and that she was receiving only an insignificant amount of additional income. It was stipulated that plaintiff's net weekly salary was $42.21, and that defendant's amounted to $174.61. At the conclusion of the hearing, defendant's counsel orally moved the court for an order directing that all alimony payments be terminated.

This motion was made without prior notice. However, the record indicates that plaintiff offered no objection to the hearing of the motion upon any such ground.

The 1957 proceedings were concluded by orders increasing the children's support payments from $130 to $200 per month, and providing that the alimony payments of $25 per month should terminate at the end of one year thereafter. No appeal was taken from either of the last mentioned orders.

In March of 1958, and prior to the date set for the termination of alimony payments, plaintiff applied for relief in two respects: (1) for an order vacating that portion of the 1957 order which provided for the termination of her alimony at the expiration of one year; and (2) for a modification of the then effective provisions of the judgment for alimony and child support. By this application, she sought to have the children's support increased and to have her alimony payments increased to $150 per month and to continue until further order. In support of the latter application, plaintiff alleged that she was under the care of physicians for an ovarian cyst, which involved the prospect of substantial medical and hospital expense; that she was under treatment for a gall bladder disorder, which caused her considerable pain and at times rendered her unable to work; that the expenses of caring for the children had substantially increased; that she was 47 years of age, had no work skills or background of experience, and that her net income did not exceed $46 per week when she was able to work full time; that her needs for payments on mortgages, taxes, home maintenance, insurance, utilities, clothing, food, medical and dental care and miscellaneous totalled $703.85 per month; that plaintiff was indebted on account of orthodontia done for the children to the extent of some $500; that plaintiff had been forced to borrow and accept charity from relatives. Defendant filed no affidavits in opposition.

Plaintiff's applications came on for hearing in March of 1958. Plaintiff testified that her salary had increased to $92.97 for each two-week period, and that her only other income was $16.75 per month, which she received from a mortgage. On cross-examination, she testified that her brother operated a corporation in New York known as the Vernal Company, Inc., and that she had received $500 from her brother in July, 1957. When asked whether she owned any stock in said corporation, she stated that she did not, but when asked if the payment which she received from her brother was a dividend on her

stock she answered, "You could call it that I suppose." She finally stated, in answer to a question as to how much stock she owned, "I don't honestly know how much stock." It seems fair to say that her testimony as to her ownership of stock in the corporation might have been regarded as somewhat evasive and inconsistent.

Defendant testified that he had remarried subsequent to the previous court appearance in April of 1957; that his necessary living expenses had increased since the last previous order and that they currently amounted to $1,108.37 per month; and that his total net salary was then $769.80 per month. The reporter's transcript of the 1957 proceedings was received in evidence without objection.

At the conclusion of the hearing, the court denied plaintiff's motion to vacate the former order providing for the termination of alimony. Plaintiff's application for modification of the alimony order was denied, and the children's support payments were increased to $250 per month.

There is no merit in plaintiff's contention that the 1957 order providing for the termination of alimony was void. The fact that the order was made upon an oral motion does not spell lack of jurisdiction. As stated in *Tew* v. *Tew*, 160 Cal. App.2d 141, at page 144 [324 P.2d 625, 627] : "[T]he record shows without contradiction that plaintiff's counsel appeared at and participated in the hearing of the motion and raised no question of lack of notice. Nor was any request made for a continuance in order to make the factual showing as is now contended by plaintiff. Under the rule as enunciated in *Overton* v. *White*, 18 Cal.App.2d 567 [64 P.2d 758, 65 P.2d 99], the plaintiff could well be held to have waived failure on the part of defendant to give notice."

The 1957 order was of course appealable; but no appeal was taken. It has been held that an appeal from an order denying a motion to vacate an appealable order or judgment will not be entertained when the purpose of the motion is merely to change the decision of the trial court upon the same facts. (*Litvinuk* v. *Litvinuk*, 27 Cal.2d 38, 43-44 [162 P.2d 8].)

Moreover, if the grounds upon which a party sought to have a judgment vacated existed before the entry of the judgment and would have been available upon an appeal from the judgment, an appeal will not lie from an order denying a motion to vacate. (*Mather* v. *Mather*, 22 Cal.2d 713, 720 [140 P.2d 808] ; *cf. Estate of Richards*, 17 Cal.2d 259, 267

[109 P.2d 923] ; *Simmons* v. *Santa Barbara Ice Co.,* 162 Cal. App.2d 23, 27 [327 P.2d 141].)

■ It is futile for plaintiff now to argue that the order of April 9, 1957, was not supported by "any showing that there had been a change in conditions warranting the permanent termination of support payments." Obviously, such argument is not directed to any jurisdictional defect. It is purely and simply an assignment of error which plaintiff might have advanced and argued on an appeal from that order. She elected not to appeal from the order and accepted payments under it for nearly a year before questioning its validity.

By virtue of an appealable order which had become final, plaintiff was and is barred from asserting that the circumstances existing at the time the former order was made did not justify its provisions. This, of course, was no bar to plaintiff's timely application for an extension of alimony beyond the expiration date set by the former order. (*Simpson* v. *Simpson,* 134 Cal.App.2d 219, 221-222 [285 P.2d 313] ; *Bechtel* v. *Bechtel,* 124 Cal.App. 617, 618 [12 P.2d 970] ; *Smith* v. *Superior Court,* 89 Cal.App. 177, 187-189 [264 P. 573].) However, the burden was upon plaintiff to support such application by showing a sufficient change of circumstances since the previous order was made to justify a new order more favorable to her. She recognized and attempted to meet this burden by alleging and seeking to prove, among other things, the development of conditions adversely affecting her health, increased financial burdens and so forth. In our statement of the case, we have detailed the evidence bearing upon these matters.

■ Thus, the determinative issue on this appeal narrows to the simple question whether the trial court's action in denying plaintiff's application for an extension of alimony beyond the term set by the previous order constitutes a manifest abuse of discretion. The question posed must be answered in the negative. "It is not a question of what this court would have done in the first instance, but whether there is substantial evidence to support the trial court's determination." (*Wilson* v. *Wilson,* 104 Cal.App.2d 167, 170 [231 P.2d 128].) We here adopt the language used and the decisions cited in *McClellan* v. *McClellan,* 159 Cal.App.2d 225, at pages 228-229 [323 P.2d 811], in disposing of a contention that the trial court had abused its discretion in that case in limiting an alimony award to a period of one year.

In oral argument, appellant has urged that at the very least the trial court should have retained jurisdiction by granting an award of nominal alimony to continue until· further order. There is vouchsafed to the trial court a broad discretion in determining whether or not the circumstances justify an award of nominal alimony for the purpose of retaining jurisdiction. (*Bird* v. *Bird,* 152 Cal.App.2d 99, 103 [312 P.2d 773] ; *Schraier* v. *Schraier,* 163 Cal.App.2d 587, 589 [329 P.2d 544].) We cannot say that the instant record shows an abuse of that discretion.

The orders appealed from are affirmed.

Ashburn, J., concurred.

FOX, P. J.—I dissent.

In my opinion it was a clear abuse of discretion to terminate completely plaintiff's alimony and thus deprive the court of jurisdiction to meet future exigencies in view of plaintiff's age, her limited earning capacity due to her lack of any special training or work skills and because of the precarious condition of her health, which make the regularity of her future employment problematical.