This is an appeal from a divorce decree. We affirm.
Ralph R. Banks, hereinafter called the husband, filed suit against Sara Banks, hereinafter called the wife, in the Circuit Court of Greene County, Alabama, on June 12, 1975. The divorce was granted to the husband on the grounds of incompatibility. The decree provided for alimony in the sum of $450.00 per month for a period of eighteen months, and it further provided that in the event of the wife's death or remarriage before the expiration of the eighteen months, such payments would cease. The court found that the wife owns substantial amounts of personal property, such as furniture, silver, china and other items; no decree was entered with regard to delivery or division of such personal property; the court specifically reserved jurisdiction in the event that division and delivery cannot be accomplished amicably. The court further found that the husband and wife jointly own substantial amounts of real property. No decree was entered with respect to such real property because the court was of the opinion that the parties would be able to divide or manage it amicably.
The parties were married on June 15, 1949. Their two children are grown. The wife became an alcoholic about six years ago. Prior to her alcoholism, they had had a happy marriage for twenty years. The wife has been hospitalized several times for her condition with no success. However, she has recently made progress in fighting her disease at an institution in Minnesota specializing in the treatment of alcoholics. At the time of the trial on October 31, 1975, the wife had not taken a drink for six months. The wife did not work during her marriage except for a brief period in Minnesota as therapy. She received the minimum wage. The wife testified that such an amount is inadequate for her support. She needs further treatment and thus will have medical expenses. If the wife is able to remain sober, she hopes to secure a permanent job as a therapist helping other alcoholics.
The husband is an attorney earning between $19,000.00 and $20,000.00 a year. The parties jointly own their home and a business office and extensive acreage in Greene County. The wife's interest in this property was appraised at $120,000.00; however, these properties do not produce appreciable income.
The husband separately owns real property valued at approximately $70,000.00. Husband, also, owns stock worth $45,000.00. Wife will be entitled to receive from her mother's estate a distribution estimated at $70,000.00 to $80,000.00.
Both parties have committed acts of violence upon the other, mainly while under the influence of alcohol. The wife admits that she has given the husband a hard time during the duration of her alcoholism.
The issue for review is whether the court erred in providing that the periodic alimony payments for support and maintenance of the wife would terminate at the end of eighteen months.
Giving full credence to the presumption of correctness of a decree rendered after oral hearing and further considering the grant of liberal discretion to the trial judge, we conclude from our review of the evidence that the decree is not unjust and not plainly wrong. Therefore, we must conclude that the discretion of the court was not abused. Phillips v. Phillips,277 Ala. 2, 166 So.2d 726; Hendrix v. Hendrix, 56 Ala. App. 178,320 So.2d 684, cert. denied 294 Ala. 758, 320 So.2d 687.
The wife argues that the judge abused his discretion in that since the award has characteristics of both alimony in gross and periodic alimony, it is uncertain whether the decree is modifiable in the event eighteen months elapse and the wife is unable to work because of alcoholism. We, therefore, address ourselves to this contention. It is well established in Alabama that the court retains jurisdiction over periodic alimony awarded for the indefinite future whether expressly reserved or not. Epps v. Epps, 218 Ala. 667, 120 So. 150. The court can modify terms relating to *Page 1367 
periodic alimony on a showing that the modification is equitable. Garlington v. Garlington, 246 Ala. 665, 22 So.2d 89. Contrariwise, alimony in gross is vested, and the court retains no jurisdiction to modify it. Hager v. Hager, 293 Ala. 47,299 So.2d 743. The intent to award alimony in gross should be unequivocally expressed or necessarily inferred from the language used. Thompson v. Thompson, 282 Ala. 248,210 So.2d 808; Montgomery v. Montgomery, 275 Ala. 364, 155 So.2d 317; LeMaistre v. Baker, 268 Ala. 295, 105 So.2d 867; Hora v. Hora,46 Ala. App. 513, 244 So.2d 601.
We find no language in the decree, other than a contingent termination date of eighteen months, which bears any relation to alimony in gross. To the contrary, the decree specifically states that the property rights of the parties have not been considered and are specifically reserved. There is no indication of intent to bind the estate in event of his death. Though the various property interests of the parties were projected in the testimony, there is no indication of intent that the relatively small award was intended to be in settlement of the marital rights of the wife. The only reasonable conclusion to be reached from the decree is that the award is for the future support of the wife payable from the current earnings of the husband. The fact that it has a time limitation attached does not appear to affect its character as periodic alimony modifiable prior to its termination date.
We know of no Alabama case dealing with modification of an award of periodic alimony with a time limitation other than death or remarriage. However, other jurisdictions have held that a termination date does not remove the power of modification if done prior to the date of termination. Monroev. Superior Court of Los Angeles County, 28 Cal.2d 472,170 P.2d 473; Grenall v. Grenall, 169 Cal.App.2d 748, 337 P.2d 896. This view appears to be in line with the general power of modification of periodic alimony recognized in Alabama courts.
From the testimony and the language of the decree, it is to be reasonably inferred that it was the purpose of the trial court to require support of the wife during a period of recovery from her alcoholism. It is also inferable that the court felt that the termination of support would give the wife an incentive to pursue such recovery and become self-supporting within such time. This court is not of sufficient expertise to determine if such purpose of the court best serves the interest of the wife. Neither can we say it does not. There is no contention by the wife that the monthly award is insufficient or unjust, but only that if it is unmodifiable it is an abuse of discretion.
In view of our conviction that the award is one for periodic alimony and modifiable during its period of continuation, we do not find an abuse of discretion.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.