This is a divorce case.
The wife appeals contending the trial court abused its discretion in awarding custody of the parties' two children to the husband, in the division of property, and in failing to award periodic alimony.
We affirm the award of custody and division of property and reverse for failing to award periodic alimony or reserve the right to award alimony in the future.
Viewing the record with the attendant presumptions, the following facts are revealed: The parties have been married for eleven years and have two daughters, ages two and four. Other than a house, two automobiles, a travel trailer, twelve purebred dogs, and the usual household furnishings, the parties have no significant property.
The husband is thirty-six years old and is employed earning approximately $40,000 a year. He admitted having engaged in an adulterous relationship and admitted that this relationship continued and existed at the time of trial. The husband testified he intends to marry the woman involved in the adulterous relationship. *Page 1168 
The wife is thirty-three years old. She has a history of psychiatric problems. In early 1972 she was under the care of a psychiatrist who found her "to have excessive superficial neurotic tendencies and a possible underlying schizophrenic reaction." During that same year she was hospitalized for treatment of severe depression. This treatment included electro-convulsive therapy and medication. She was hospitalized again in January of 1979 for treatment of a drug overdose. The overdose occurred after an argument with her husband and resulted from the ingestion of approximately thirty Ativan tablets.
The wife has a high school education and during the marriage has only been employed sporadically. Immediately prior to the divorce the wife was engaged in the business of raising and selling purebred dogs. In the five months prior to the divorce she sold a number of the dogs for approximately $1,100. She is currently employed as manager of a dog kennel. In exchange for her services she receives room and board. The owners of the kennel told her that they might make her a partner in the business. She took the job with that expectation. She testified that her employers did not make a profit from the business and that she did not expect to be able to make a living from it.
At the time of trial the parties were separated. The wife had moved to Missouri to manage the aforementioned dog kennel, while the husband remained at the home-place with the children. The husband cared for the children. There is evidence that in large measure he has cared for the children since their births. He has fed them and has regularly bathed them and prepared them for bed.
Immediately prior to the divorce the husband was in possession of the household furnishings and an automobile. The wife had in her possession an automobile, the aforementioned travel trailer, her clothing, and various household furnishings, appliances, and utensils.
At the time of trial the wife had approximately $125 and owed the kennel owners approximately $1,200.
After an ore tenus hearing the trial court awarded custody of the children to the husband, ordered the sale of the house with the proceeds to be divided equally between the parties, and awarded each the personal property in his or her possession. The personal property awarded the wife included an automobile and the travel trailer. The husband was ordered to pay the outstanding indebtedness on these two items. The wife was awarded $1,200 as alimony in gross. There was no award of periodic alimony to the wife.
The wife first contends the trial court abused its discretion in awarding custody of the two children to the husband. At the outset, we note that in all cases involving the custody of children the best interest and welfare of the children is the predominant consideration. Gandy v. Gandy, Ala.Civ.App.,370 So.2d 1016, writ denied, Ala., 370 So.2d 1019 (1979); Keele v.Keele, Ala.Civ.App., 347 So.2d 1360 (1977). The wife contends the tender years doctrine precludes an award of custody to the husband. The age and sex of the child are factors to be considered by the trial court in determining the children's best interests. The fact that children are of tender years does not, in and of itself, preclude awarding custody to the husband. Jenkins v. Jenkins, Ala.Civ.App., 376 So.2d 1099,cert. denied, Ala., 376 So.2d 1101 (1979); Clift v. Clift, Ala.Civ.App., 346 So.2d 429, cert. denied, Ala., 346 So.2d 439
(1977). She further contends the husband's adultery should bar custody. Again, the misconduct of either spouse is only one factor to be considered in determining the children's best interests. Cozad v. Cozad, Ala.Civ.App., 372 So.2d 1322 (1979);Mason v. Mason, 276 Ala. 265, 160 So.2d 881 (1964).
In view of the facts as indicated above with particular emphasis on the wife's history of psychiatric problems, we cannot say that the trial court so abused its discretion as to require reversal. To do so would substitute our judgment for that of the trial judge. This the law will not permit. *Page 1169 Sutton v. Sutton, Ala.Civ.App., 359 So.2d 392 (1978).
The wife contends the trial court abused its discretion in the division of property. The division of property pursuant to a divorce is a matter within the sound discretion of the trial court and will not be disturbed on appeal except upon a showing of plain and palpable abuse. Ray v. Ray, Ala.Civ.App.,379 So.2d 627; 8 Ala. Digest Divorce Key 286 (5). With the facts set forth above in mind, we cannot say the trial court abused its discretion. The division of property is affirmed.
Finally, the wife contends the trial court abused its discretion in failing to award her periodic alimony. An award of periodic alimony is a matter within the judicial discretion of the trial court. An exercise of that discretion will not be reversed except for palpable abuse. White v. White, Ala.Civ.App., 374 So.2d 335, writ denied, Ala., 374 So.2d 337
(1979); 8 Ala. Digest Divorce Keys 286 (2), (3) and (5).
While there are no fixed standards for determining whether periodic alimony is to be granted, there are factors the trial court should consider. These include the future prospects of the parties, their ages, sex, health, station in life, and how long they were married. Kabaci v. Kabaci, Ala.Civ.App.,373 So.2d 1144 (1979); Shirley v. Shirley, Ala.Civ.App.,350 So.2d 1041, writ quashed, Ala., 350 So.2d 1045 (1977); White v.White, supra. These same factors should also be considered in determining the amount and duration of the award.
As indicated above, the wife has no separate estate. While she has a high school education and has worked in the past, her employment record is meager and sporadic. Her present employment at the kennel is for room and board, and while her employers have indicated the possibility of a partnership, that prospect is not altogether certain. Her ability to earn money from the sale of purebred dogs has been demonstrated, but her ability to earn a livelihood from that activity has not.
Considering the husband's earning capacity, the uncertainty of the wife's future prospects and her history of psychiatric problems, we find that the learned and distinguished trial judge did abuse his discretion in failing to award the wife some amount of periodic alimony, or in failing to reserve the right to award alimony in the future. We reverse the decree only insofar as it relates to the wife's periodic alimony. Additionally, in this instance we find that the trial court is in a better position to determine the specifics regarding periodic alimony.
This case is due to be affirmed in part, reversed in part, and remanded.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.