This is a divorce case.
The parties were married in 1969 when the wife was fifteen and the husband was thirty. Three children were born to this union, Cindy, age twelve, Michael, age ten, and Douglas, age five. The husband is an iron worker, and the wife was a housewife until their separation in 1983, and since that time she has had some employment. The wife filed an action for divorce on March 2, 1983, on grounds of incompatibility of temperament, and the husband filed a counterclaim on the same grounds. On April 20, 1984, after an ore tenus hearing, the trial court granted the divorce with custody of the children with the wife, $115 per week child support to be paid by the husband, and specific visitation rights granted to the husband. The personal property of each party was awarded to them respectively; the house, with mortgage, was awarded to the husband; the wife was awarded an eight acre tract of land; the wife was also awarded $1,000 to balance the equities in the real estate and another $1,000 for her interest in the contents of the home retained by the husband.
The sole issue presented on appeal is whether the trial court abused its discretion in its findings of fact and judgment thereon. In its judgment the court found:
 "The Court is satisfied that the direct result of the break-up of this marriage was the marital indiscretions of the Plaintiff. Obviously, there were some contributing causes from the Defendant, but they were not of such nature as to justify the separation of this family, especially in view of the grave adverse effects it has had upon the children. It is quite clear that the primary remote cause of the failure of this marriage was the age differential. Although, this result is not inevitable, it is certainly predictable and foreseeable and probable."
The evidence reveals this marriage was apparently on sound basis until the wife, over the husband's objection, began to frequent skating rinks in 1982. To further state the evidence would serve no purpose.
There are no fixed standards for determining the amount of alimony or for dividing the parties' property. Each case must be decided on the basis of its own facts and circumstances.Hutton v. Hutton, 284 Ala. 91, 222 So.2d 348 (1969). While there is no fixed standard in determining what is a proper award, factors to consider include prospects of the parties, their ages, sex, health, station in life, how long they were married, and in appropriate cases, the conduct of the parties with reference to the cause of the divorce. Brooke v. Brooke,57 Ala. App. 704, 331 So.2d 715 (1976). It is clear that the distinguished trial judge relied heavily on the aspect of the wife's conduct. There is ample evidence this contributed greatly to the failure of the marriage. The division of property does not call for an equal division, but only an equitable division. Weeks v. Weeks, 373 So.2d 848 (Ala.Civ.App. 1979).
In reviewing a judgment of a trial court in a case presentedore tenus, we will not substitute our judgment for that of the trial court. We will reverse only where the evidence shows the order to have been plainly and palpably wrong and unjust. Allenv. Allen, 385 So.2d 1323 (Ala.Civ.App. 1980). *Page 144 
We have studied the briefs and the record and find no error or abuse of discretion. This case is due to be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge ROBERT M. PARKER while serving on active duty status as judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.