ROBERT M. PARKER, Retired Circuit Judge.
This is a divorce ease.
The trial court, after an ore terms hearing, divorced the parties, made a division of property, and awarded an attorney’s fee to the wife.
The wife appeals, contending that the trial court abused its discretion in failing to award periodic alimony to the wife and in refusing to require the husband to pay certain mortgage payment arrearages on the home.
We find no error requiring reversal and affirm.
The record reveals that the parties were married in 1970. The parties were divorced in 1984; however, there was evidence that the parties were separated during most of the marriage, only living together for two or three years. There was also evidence that the wife took $4,500 from the parties’ bank account about the time of the divorce.
After an ore terms hearing, the trial judge awarded to the wife the homeplace with a certain mortgage arrearage, one-half of the household furniture, two cars, the remaining money in the savings account, and $450 in attorney’s fees. The husband was awarded certain property, one-half of the household furniture, a truck, a motorcycle, and a trailer.
As stated, the wife appeals, contending that the trial court abused its discretion in failing to award periodic alimony and in refusing to require the husband to pay the mortgage arrearage on the home.
The ore terms rule is well established. When the trial court personally hears the evidence, the judgment appealed from is presumed correct on appeal and will not be disturbed absent a showing of plain and palpable abuse of discretion. Cory v. Cory, 429 So.2d 1096 (Ala.Civ.App.1983). Furthermore, the award of alimony and the division of property upon a divorce are matters within the discretion of the court with each case being considered on its own facts. Segars v. Segars, 334 So.2d 684 (Ala. Civ. App.1976).
In view of the character of the marriage and the totality of the award to the wife, we cannot say that the trial court abused its discretion in failing to award periodic alimony and in refusing to require the husband to pay the arrearage on the mortgage.
This case is due to be and is affirmed.
The foregoing opinion was prepared by Retired Circuit Judge ROBERT M. PARKER while serving on active duty status as judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.
BRADLEY, J., recuses himself.