This is a divorce case.
After an ore tenus hearing the Circuit Court of Talladega County granted the parties a divorce, divided the marital property, and awarded the wife custody of their two children, child support, and alimony. The husband appeals, contending that the trial court abused its discretion in its award of alimony and that granting the wife their *Page 105 
real property was inequitable. We disagree and affirm the judgment of the trial court.
The pertinent facts are as follows.
The parties were married on May 25, 1972 and were divorced on December 21, 1984. The wife is thirty-one and the husband is thirty-two. There is no record of marital discord until the husband evidently became involved with another woman. He has leased an apartment with a woman who is not his wife and, in the presence of his wife, told his paramour that he loved her, and this resulted in an altercation. There is evidence of love notes between the husband and his paramour, as well as evidence that they took a trip to North Carolina together immediately after the husband's separation from his wife.
The trial court awarded the wife about six acres of land, a 1974 vehicle, and their mobile home. She was required to pay the balance due on the mobile home and the real property. The husband was awarded title to five vehicles and was required to pay $60 per week child support, $100 per month alimony, the balance due on the wife's vehicle, delinquent payments on the mobile home and the real property, and all other marital debts. The husband contends that he is unable to comply with the order because his income is insufficient. We disagree.
When the trial court personally hears the evidence in a divorce case without the assistance of a jury, its judgment is presumed correct on appeal and is subject to being set aside only for a plain and palpable abuse of discretion. See, e.g.,Bradley v. Bradley, 467 So.2d 255 (Ala.Civ.App. 1985); Roden v.Roden, 466 So.2d 142 (Ala.Civ.App. 1985). The trial court is not bound by fixed standards in determining alimony and property division, but determines each case on its own merits after considering such factors as the parties' ages, health, station in life, the duration of the marriage, and the conduct of the parties. See, e.g., Roden, supra; Echols v. Echols,459 So.2d 910 (Ala.Civ.App. 1984); Stricklin v. Stricklin,456 So.2d 809 (Ala.Civ.App. 1984). The fault of one of the parties is a proper factor for the trial court to take into account.Nickerson v. Nickerson, 467 So.2d 260 (Ala.Civ.App. 1985). When the award is made, and all pertinent factors are considered, the award need not be equal, but it must be equitable. See,e.g., Bright v. Bright, 456 So.2d 1091 (Ala.Civ.App. 1984).
We consider the trial court's award of alimony and its award of the real property to the wife to be within acceptable bounds under the facts of this case. The record indicates no fault on the part of the wife, while containing evidence of the husband's adultery. The parties are young, have been married just longer than twelve years, and have two children who are now in the wife's care. The husband's net income is $209.88 weekly, though it is higher when he works overtime; the wife's income is $166 per week and she works no overtime. The debts the husband complains of were marital debts for which he shared responsibility before the divorce, many of which will be satisfied soon. Additionally, if the five vehicles awarded the husband are sold for the value the husband, an automobile mechanic, placed on them, he will be better able to meet his financial obligations. Further, he earns about $150 per month repairing automobiles at his home, and this will assist him in meeting his financial obligations.
Based on the foregoing, we find no abuse of the trial court's discretion in its award of alimony or in the division of the real property, and its judgment is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur. *Page 106