This is a divorce case.
Husband and wife were divorced on December 21, 1984, ending a twenty-two year marriage. No children were born of the union. After an ore tenus hearing the trial court awarded each party one-half of the equity in the marital home, a vehicle, their individual IRA accounts, and awarded the wife $600 alimony per month for one year. The wife appeals, contending that the trial court committed reversible error in failing to award her permanent periodic alimony, and in failing to reserve the right to award alimony in the future. We disagree and affirm. *Page 576 
The record reflects the following. This was the wife's second marriage and the husband's first. Husband earns a substantial though fluctuating income as a stockbroker. Wife holds a college degree and has taught school, though she has not done so for several years. She has been licensed to teach in both Alabama and Mississippi, but has allowed her Alabama license to expire. She has resided in Mississippi with her parents since December 1983.
Wife claims that the husband has physically mishandled her. Husband denies this but admits to having had to restrain his wife when she was drunk. There is ample evidence from which the trial court could have concluded that the wife has a long history of alcohol abuse and that this abuse contributed greatly to the break-up of the marriage. The husband testified that he once found more than two hundred bottles of alcoholic beverages around the house. He has also been publicly embarrassed on numerous occasions by his wife's behavior while she was drunk. Wife's drinking may have cost husband a promotion. Husband claims that his wife has been hospitalized eight times for her drinking problems. Wife denies that she is an alcoholic and that she has ever been hospitalized for alcoholism, but she admits that she has drinking problems. Husband contends that he paid more than $10,000 in medical bills for his wife in 1984, all due to her drinking problems.
In seeking a reversal of the trial court's action as to its award of periodic alimony, wife relies on Warren v. Warren,386 So.2d 1166 (Ala.Civ.App. 1980). Her reliance is misplaced. InWarren this court held that the trial court abused its discretion in not awarding the wife periodic alimony after it divided the marital assets equally. There, however, the husband was involved in a continuing adulterous relationship. Also, the wife had a long and documented history of psychiatric illness, including a suicide attempt, and had undergone electro-convulsive therapy, had only a high school education, had sporadic work experience, was in difficult financial straits, and was in precarious living arrangements. Here, the trial court could easily have concluded that the wife's future prospects and present financial status are not nearly so dim as had been the wife's in Warren.
In fashioning an award of periodic alimony, as well as its duration, the trial court considers such factors as the future prospects of the parties, their ages, health, station in life, the duration of the marriage, and the conduct of the parties.Hutchinson v. Hutchinson, 474 So.2d 104 (Ala.Civ.App. 1985);Roden v. Roden, 466 So.2d 142 (Ala.Civ.App. 1985); Warren, supra.
An award of alimony is not mandatory, George v. George,447 So.2d 802 (Ala.Civ.App. 1984), but it rests within the sound discretion of the trial court and is subject to being set aside only for gross abuse. Rogers v. Rogers, 473 So.2d 537 (Ala.Civ.App. 1985);Scott v. Scott, 460 So.2d 1331 (Ala.Civ.App. 1984).
Additionally, when the trial court exercises its discretion in a divorce case after personally hearing the evidence, its judgment is presumptively correct and subject to being set aside only for plain and palpable abuse of discretion. Bradley v.Bradley, 467 So.2d 255 (Ala.Civ.App. 1985). Here, we cannot say that the trial court abused its discretion when, after dividing the marital assets equally, it awarded the wife $600 per month periodic alimony for twelve months. Nor can we say that such a decision is not in the best interests of the wife in that it is inferable that the trial court felt that the scheduled termination would give the wife incentive to recover and to become self-supporting, which she admits she can do. See, Banksv. Banks, 336 So.2d 1365 (Ala.Civ.App. 1976). To do otherwise would be to substitute our judgment for that of the trial court, and this the law does not permit. Warren, supra.
The wife also contends that the trial court erred in not reserving the right to award her alimony in the future in light of her possible future hospitalization. This, too, is a matter within the sound discretion of the trial court. Banks, supra. *Page 577 
There was no medical testimony about the wife's possible future hospitalizations. She was the only witness to testify about her possible future medical needs. The trial court was empowered to hear this testimony, weigh it, and make a reasonable determination. We find no abuse of discretion in its decision. We further note that should need arise the trial court can, in its discretion, modify the award of periodic alimony at any time prior to the date of its termination. Id.
Appellant's request for an attorney's fee on appeal is denied.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.