THIGPEN, Judge.
This case involves post-commitment proceedings.
In September of 1990, the Juvenile Court of Madison County committed J.S.C., a minor, to the custody of the Alabama Department of Mental Health and Mental Retardation (Mental Health) pursuant to Ala. Code 1975, § 12-15-90. Later that month, J.S.C. was admitted to the Taylor Hardin Secure Medical Facility (THSMF) for treatment. In November 1990, Larry Stricklin, Director of THSMF, sent a letter to the trial court indicating that J.S.C.’s treatment had been completed. Stricklin requested that the trial court issue an order to return J.S.C. to the custody of the Madison County Sheriffs Department where there were criminal charges pending against him. Before the trial court scheduled a hearing to decide the custody issue, J.S.C. was transferred from Taylor Hardin to the Robert Neaves Center for Children, a facility in Madison County for juvenile detention. Melissa Heron, guardian ad litem for J.S.C., filed a petition for contempt against J. Michael Horsley, Commissioner of Mental Health, and against Stricklin for discharging J.S.C. from their custody without a court order. The trial court ordered a hearing to determine whether Mental Health should be relieved of custody and to review the question of contempt.
Following an ore tenus proceeding, the trial court determined that, “although [J.S.C.] is mentally ill, commitment was not the least restrictive alternative necessary and available for treatment of his mental illness.” The trial court issued an order canceling the September commitment of J.S.C. to Mental Health. From this decision, J.S.C. appeals.
The dispositive issue is whether the evidence supports the trial court’s finding that commitment is not the least restrictive alternative necessary and available for the treatment of J.S.C., and that Mental Health should be relieved of its custody of him.
Initially, we note that the order sought by Mental Health works as any legal change of custody, and as such, it must be based on evidence that suggests the change in custody will materially promote the child’s best interests and welfare. Matter of Shaddix, 485 So.2d 731 (Ala.Civ.App.1986). The authority to make the decision to discharge Mental Health of its custody in such cases lies with the juvenile court. Matter of Warrick, 501 So.2d 1223 (Ala.Civ.App.1985). Mental Health, as petitioner, bears the burden of proof and must establish that there has been such a material change in circumstances since the last custody order, that the welfare and best interests of the child require the change in custody. Shaddix, supra; see also Ex parte McLendon, 455 So.2d 863 (Ala.1984). *487 The trial court’s decision regarding a modification of custody, which was made after an ore tenus proceeding, is presumed correct and will not be reversed absent an abuse of discretion. Davis v. Davis, 451 So.2d 316 (Ala.Civ.App.1984).
At the ore tenus proceeding, the trial court took judicial notice that the juvenile detention center in Madison County was an inadequate facility for the treatment of mental illness, and that its ability to monitor the administration of medication was limited. The court also found that it would not create an undue hardship to treat J.S.C. outside the facility, and ordered that the Madison County Juvenile Court provide the necessary transportation for J.S.C. to receive “access to continued, regular, and frequent contact” with mental health professionals and for therapy sessions.
Dr. Wolfram Glaser, Director of the Acute Care Evaluation Program at THSMF, testified at the ore tenus proceeding. Dr. Glaser testified that he was the treating psychiatrist for J.S.C. while J.S.C. was at THSMF. Dr. Glaser testified that he had sufficient contact with J.S.C. during treatment to form opinions, regarding his mental condition, and he considered those opinions in conjunction with other professionals at THSMF in his decision to release J.S.C. Dr. Glaser testified that he met with J.S.C. on a number of occasions and, at the time of J.S.C.’s release from THSMF, in his opinion, J.S.C. was not suicidal, nor was he suffering from any psychosis or delusions, and his reality was intact. He further testified that J.S.C. was suffering from depression and that in light of the current circumstances of being charged with capital murder, it was not unusual for him to be depressed. Dr. Glaser testified that J.S.C. could be treated with outpatient counseling at a local center and released into the community, as was effected from his prior hospitalization, with the same caveat to his family, i.e. “remove most dangerous objects, knives, weapons, and monitor his medication.” When further questioned by the court, Dr. Glaser testified that commitment was not the least restrictive alternative available for treating J.S.C.
Dr. Roger C. Rinn, a psychologist in private practice who administered some tests to J.S.C., was next to testify. Dr. Rinn testified that J.S.C. was “trying to make himself look bad” and that he would not want to treat J.S.C. as an outpatient until there was more improvement. When questioned regarding the treatment of the specific diagnoses of J.S.C., Dr. Rinn testified that they were treatable on an outpatient basis, yet he did not believe that J.S.C. should be treated on an outpatient basis.
The testimony of the two professionals who testified at the proceeding conflicted regarding whether J.S.C. should be treated on an outpatient basis. Such conflict is for the trial court to resolve and render a judgment accordingly. Jones v. LeFlore, 421 So.2d 1287 (Ala.Civ.App.1982). Absent an abuse of discretion, we are not permitted to substitute our judgment for that of the trial court. Beckwith v. Beckwith, 475 So.2d 575 (Ala.Civ.App.1985).
The judgment of the trial court is consistent with the standard required for the custody modification. The evidence in the record indicates that since the September commitment order, J.S.C. has been treated by Mental Health with medication, therapy, and close supervision to the point that his condition no longer requires the confines of institutionalization for treatment or protection. It is not in the best interest of one who does not meet the commitment criteria to be involuntarily committed to Mental Health in violation of the statutes governing such commitments and placed in a secure facility that the evidence reveals is unnecessary. The record contains sufficient evidence supporting the trial court’s judgment and we find no abuse of discretion.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.