THOMAS, Judge,
concurring in part and concurring in the result.
Although I agree with all other aspects of the main opinion, I must only concur in the result insofar as the opinion reverses the trial court’s judgment because it failed to reserve the issue of permanent periodic alimony. As I explained in my opinion concurring in part and concurring in the result in part in Edwards v. Edwards, 26 So.3d 1254, 1262-63 (Ala.Civ.App.2009), I see no reason for this court to continue to require a trial court to reserve jurisdiction to award something that it has already awarded. A party receiving rehabilitative alimony may petition for a modification of that award, and thus an extension of the award, at any time before its expiration. See Beckwith v. Beckwith, 475 So.2d 575, 576-77 (Ala.Civ.App.1985).
The trial court awarded the wife rehabilitative alimony for 36 months to commence the first day of the month following the closing of the sale of the former marital *676 residence. Because of the time that transpired between the original appeal and this appeal after remand and the lack of evidence concerning when the marital residence was actually sold, I cannot determine whether the wife could file a timely petition seeking modification of the rehabilitative-alimony award after the conclusion of this appeal. Thus, in all fairness and because of the wife’s reliance on the longstanding legal principle that a failure to reserve the right to award permanent periodic alimony is reversible error, I cannot dissent from the main opinion’s reversal. I therefore concur in the result insofar as the main opinion reverses the trial court’s judgment on this point.